UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

FRANCES A. KESSLER, )
)
          Plaintiff, )
vs. ) 1:08-cv-1126-SEB-DML
)
MICHAEL J. ASTRUE, Commissioner )
 of the Social Security Administration, )
)
          Defendant. )

**Entry Discussing Application for
Attorney Fees under the Equal Access to Justice Act**

**I. Background**

Frances Kessler ("Kessler") sought judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq.* Kessler's application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review this court determined that the ALJ's decision was not supported by substantial evidence and remanded the case for further consideration.

Kessler has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). For the reasons discussed below, Kessler's motion for fees (dkt 30) is **denied.**

**II. Discussion**

The EAJA provides that a successful litigant against the federal government is entitled to recover her attorneys' fees if: 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *see Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Here, Kessler is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The Commissioner argues that his position in this case was substantially justified. He also opposes the amount of fees sought by Kessler's counsel.

Fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position was not substantially justified. *Cunningham,* 440 F.3d at 863. To be substantially justified the Commissioner's position must have "reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* at 864. A "reasonable basis in law and fact" means "a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864.

As noted, after reviewing the administrative record and considering the arguments of the parties, the court concluded that the ALJ's decision in this action was deficient. The court remanded the action to the Commissioner for further proceedings because the ALJ did not comply with Social Security Ruling ("SSR") 06-03p which requires the ALJ to consider and discuss the weight, if any, given to other agencies' (in this case, the VA) disability determination.

The Commissioner opposes Kessler's motion for attorney fees, arguing that his position in this action was substantially justified. He asserts that courts have come to different conclusions about whether a failure to discuss other agencies' disability determinations in accordance with SSR 06-03p was harmless error, and that, therefore, the Commissioner's defense was reasonable. The Commissioner points to several cases in which the ALJ's failure to discuss another agency's disability determination was deemed harmless error. Kessler has not refuted the persuasive value of these authorities.

The court is persuaded that the Commissioner's position in the case as a whole had a reasonable basis in law and fact and, therefore, was substantially justified. Accordingly, Kessler's motion for attorney fees (dkt 30) is **denied.**

**IT IS SO ORDERED.**

Date: 09/21/2010

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov